# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JEAN DOWLING, JAMES BOLLENGIER, BRIAN MENDEZ, AMY MENDEZ, Individually and as Natural Parent and Personal Representative for M.M., BEVERLY VOLNER, JAMES VOLNER, THE ESTATE OF JUDITH VOLNER, James Volner, Administrator, DAWNA WORCESTER, CRAIG WORCESTER, RICHARD SLIDE, ERIN SLIDE, Individually and as Natural Parent and Personal Representative for C.S. and M.S., JONATHAN KILEY, JENNIFER KILEY, Individually and as Natural Parent and Personal Representative for A.K., K.K., E.K.1 and E.K.2, SHAUNA MORTEN, RAYMOND FORREST, BARBARA FORREST, JOHN MOONEY, LINDA MORRISON, JEFFREY RICHELSON, BRENDA MORSE, JEAN MURPHY, THE ESTATE OF MICHELLE PATCH, Stephen Patch, Administrator, STEPHEN PATCH, Individually and as Natural Parent and Personal Representative for C.P., L.P., and M.P., JENNIE PAULETTE, VIRGINIA SLIDE, and CATHRYN WARRINGTON, *Plaintiffs*, v. SAINT-GOBAIN PERFORMANCE PLASTICS CORP., individually and as successor in interest to CHEMFAB; MERRIMACK VILLAGE DISTRICT WATER WORKS; CHRIS GILMAN; GWENAEL BUSNEL; and DOES 1-5; *Defendants*. | Civil Action No. 18-cv-180<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant Saint-Gobain Performance Plastics Corporation ("Saint-Gobain"), by its undersigned attorneys, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§

1332, 1441, 1446, and 1453, to the United States District Court for the District of New Hampshire.  As grounds for removal, Saint-Gobain states as follows:

## PRELIMINARY STATEMENT

1. This action and its accompanying sister action, *Albert-Brown v. Saint-Gobain Performance Plastics Corp.*, are two putative class actions that were originally filed in this Court and then refiled in state court on February 12, 2018 (*see* Ex. A, Compl.) following voluntary dismissal of their claims without prejudice in federal court.  (*See* Ex. B, Dismissal Order.) Plaintiffs are thirty-six New Hampshire residents who allege, on behalf of putative classes, that Defendants' actions have "unnecessarily exposed the Plaintiffs and class members to unsafe water" that was allegedly contaminated by a facility in Merrimack, New Hampshire.  (*See* Compl. ¶ 102; *see also id.* ¶¶ 105, 107-08, 114.)  Plaintiffs seek various relief on behalf of themselves "and the putative classes," including compensatory and enhanced compensatory damages, a remediation protocol, a medical monitoring program, interest, attorneys' fees, and disgorgement. (*Id.* at 49-50.)  They assert their claims against Saint-Gobain (the owner of the Merrimack facility), the Merrimack Village District Water Works (the "MVD," the municipal water authority), Gwenael Busnel and Chris Gilman (the "Individual Defendants," alleged former and current plant managers of the Merrimack facility), and five John Doe Defendants.

2. This action is removable under the Class Action Fairness Act (CAFA), because the parties are minimally diverse and the aggregate amount in controversy for the putative class exceeds $5 million.  Plaintiffs cannot simply dismiss a federal class action and refile it with additional parties in state court to avoid federal subject matter jurisdiction.  CAFA was enacted to present precisely this kind of forum shopping and Plaintiffs' putative class action lies squarely within its scope.

## GROUNDS FOR REMOVAL

**I.     REMOVAL IS PROPER UNDER CAFA**

3. The Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453, over this putative class action in which the parties are diverse and the amount in controversy exceeds $5 million, exclusive of costs and interest. "CAFA's primary objective," as the Supreme Court has stated, is to ensure "Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (quotation omitted). CAFA jurisdiction exists here: the claim is a putative class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of costs and interest. 28 U.S.C. § 1332(d)(1)-(2).

4. At the outset, CAFA jurisdiction was established by Plaintiffs' initial filing of this putative class action in federal court pursuant to CAFA. (*See* Ex. C, Federal Compl.) Notably, this Court denied a motion to remand similar putative class actions based on the same allegations. *Brown v. Saint-Gobain Performance Plastics Corp.*, 2016 WL 6996136, at *9 (D.N.H. Nov. 30, 2016). That Plaintiffs have sought to refile their class claims in state court does not divest federal jurisdiction, for once CAFA jurisdiction attaches, it cannot be taken away. *See Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1268 (11th Cir. 2016) (abandonment of class actions does not require remand of case properly removed under CAFA); *accord In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010). Moreover, as set forth below, all of CAFA's jurisdictional requirements are satisfied with respect to Plaintiffs' refiled action here.

A.  **This Case Is a Class Action**

5.  Plaintiffs state that they wish to proceed on behalf of "putative classes" and "class members" as to whom they allege Defendants' conduct has caused injury. (Compl. ¶¶ 102, 105, 107-08, 114; *id.* at 50.)

6.  Accordingly, this case is a "class action." 28 U.S.C. § 1332(d)(1)(B); *see also Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017); *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 745 (7th Cir. 2013).

B.  **The Amount in Controversy Requirement Is Satisfied**

7.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). It is sufficient for a defendant to "show a reasonable probability that more than $5 million is at stake." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 80 (1st Cir. 2014) (quotation omitted).

8.  Most significantly, Plaintiffs' original filing of this action in federal court alleged that the $5 million amount in controversy was satisfied. In addition, the Complaint seeks disgorgement of Saint-Gobain's profits, which, for the Merrimack facility, have exceeded the $5 million amount-in-controversy requirement. (Compl. at 49.) Thus, the amount-in-controversy requirement is readily satisfied.

9.  Moreover, Plaintiffs allege they are municipal water customers in Merrimack and have asserted claims against the MVD. (*See* Compl. ¶¶ 228, 243, 259.) To the extent that Plaintiffs are seeking to proceed on behalf of a class of municipal water customers of the MVD, of which there are more than 7,000,[1] the $5 million aggregate amount in controversy is satisfied

---

[1] *See* Merrimack Village District Water Works, http://www.mvdwater.org/about-mvd/.

provided each class member's claim meets or exceeds $715. That threshold is easily met because Plaintiffs allege that they are entitled to damages for diminution of value (with an average sale price in Merrimack of $262,500),[2] plus damages for remediation expenses, interference with use, and inconvenience, as well as enhanced compensatory damages, which are also includable in the amount in controversy. *Harrison*, 811 F.3d at 39 n.1.

10. Accordingly, the amount-in-controversy requirement is satisfied.[3]

**C. The Diversity Requirement is Satisfied**

11. For an individual, "[u]nder generally accepted principles, citizenship is determined by domicile, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010).

12. Here, Plaintiff Jean Dowling alleges that she is a resident of Merrimack, New Hampshire and does not allege any intent to return elsewhere. (Compl. ¶ 9.) Thus, at least one Plaintiff is a citizen of New Hampshire for purposes of diversity jurisdiction.

13. Saint-Gobain is incorporated in California and maintains its principal place of business in Ohio. Thus, Saint-Gobain is a citizen of California and Ohio for purposes of diversity jurisdiction.

14. Accordingly, at least one plaintiff is diverse from at least one defendant, satisfying the CAFA diversity requirement.

---

[2] *See* Merrimack, New Hampshire, Trulia.com, http://www.trulia.com/real_estate/Merrimack-New_Hampshire/ (last visited Feb. 21, 2018).

[3] Saint-Gobain notes that the inquiry at this stage concerns only the amount of damages *requested* by the Plaintiff. Saint-Gobain need not, and does not, concede that Plaintiffs are entitled to recover any damages. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (stating in CAFA case that "[t]he removing party need not confess liability in order to show that the controversy exceeds the threshold") (internal quotation marks omitted).

15. Removal is therefore proper under CAFA.

## II. SAINT-GOBAIN SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16. Upon information and belief, Saint-Gobain has not yet been served with a Summons and Complaint. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

17. The New Hampshire Superior Court, Hillsborough, Southern District, is located within the District of New Hampshire. *See* 28 U.S.C. § 1441(a).

18. The so-called "forum defendant rule" does not apply with regard to removals effected under CAFA. *See* 28 U.S.C. § 1453(b).

19. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other documents served upon Defendants are attached hereto. (*See* Ex. A.)

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the New Hampshire Superior Court.

21. Saint-Gobain reserves the right to amend or supplement this Notice of Removal.

22. If any other question arises as to the propriety of the removal of this action, Saint-Gobain requests the opportunity to present a brief and request oral argument in support of removal.

WHEREFORE, Saint-Gobain hereby removes this action from the New Hampshire Superior Court, Hillsborough, Southern District, bearing Case Number 226-2018-CV-00071, to this Court.

6

Dated: February 26, 2018	Respectfully submitted,

<u>/s/ Bruce W. Felmly</u>
Bruce W. Felmly
Nicholas F. Casolaro
**MCLANE MIDDLETON, P.A.**
900 Elm Street
Manchester, NH 03101
Direct: (603) 628-1448
Fax: (603) 625-5650
bruce.felmly@mclane.com
nicholas.casolaro@mclane.com

Sheila Birnbaum (PHV to be filed)
Mark S. Cheffo (PHV to be filed)
Douglas E. Fleming, III (PHV to be filed)
Patrick Curran (PHV to be filed)
Lincoln Davis Wilson (PHV to be filed)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
douglasfleming@quinnemanuel.com
patrickcurran@quinnemanuel.com
lincolnwilson@quinnemanuel.com

*Attorneys for Defendant Saint-Gobain Performance Plastics Corporation*