UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jean Dowling et al.

    v.                                      Civil No. 18-cv-180-JL
                                          Opinion No. 2018 DNH 139

Saint-Gobain Performance
Plastics Corp. et al.


**MEMORANDUM ORDER**


Resolution of the plaintiffs' motions to remand these environmental trespass actions to state court[1] turns on whether the plaintiffs pleaded proposed class actions in their state-court complaints. After voluntarily dismissing their class-based claims in this court, the plaintiffs refiled their claims in Hillsborough Superior Court against Saint-Gobain Performance Plastics Corp. and two of its employees, Gwenael Busnel and Chris Gilman. The defendants timely removed the actions, citing this court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

The plaintiffs move to remand both actions to the Superior Court. They argue that the court lacks jurisdiction under CAFA because they plead claims only on behalf of the named plaintiffs, not any proposed class, and that any class-related

---

[1] Document no. 29. Unless otherwise noted, all citations to the docket refer to civil action no. 18-cv-180.

language in their complaints constitutes mere scrivener's error. Because the court declines to construe the complaints as proposed class action complaints, it lacks subject-matter jurisdiction over the Dowling plaintiffs' actions. Accordingly, their motions to remand are granted.

I. **Applicable legal standard**

With certain exceptions not relevant here, a defendant may remove to this court "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. 1441(a). "The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case. This is true generally for defendants removing to federal court." Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).

As a general matter, "[r]emoval statutes should be strictly construed against removal and doubts resolved in favor of remand." Kelleher v. Marvin Lumber & Cedar Co., 2000 DNH 132, 3 (DiClerico, J.). "[N]o antiremoval presumption attends cases invoking CAFA," however. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). In determining whether remand is appropriate, the court looks "to the complaint as filed at the time that the case was removed when deciding

whether remand is appropriate." Brown v. Saint-Gobain Performance Plastics Corp., 2016 DNH 213, 5-6 (internal quotations omitted).

II. **Background**

Jean Dowling and her fellow plaintiffs filed their first action in this court on December 5, 2016. They brought a proposed class action against Saint-Gobain seeking to recover under theories of negligence, trespass, strict liability, and nuisance for contamination of surface and groundwater with perfluorooctanoic acid ("PFOA") and other manufactured compounds from Saint-Gobain's plant in Merrimack, New Hampshire.[2] The court consolidated that action with three other actions against Saint-Gobain arising from the same alleged contamination.[3] The Dowling plaintiffs objected to consolidation for trial, but did not oppose consolidation for pretrial purposes.[4]

After consolidation, the court ordered the collective plaintiffs to file one consolidated complaint.[5] Following some

---

[2] Civil Action No. 16-cv-528, doc. no. 2.

[3] Civil Action No. 16-cv-528, doc. no. 13. In two of those cases, the court denied plaintiffs' motion to remand the action under the "local controversy exception" to CAFA. Brown, 2016 DNH 213, 2.

[4] Civil Action No. 16-cv-528, doc. no. 10 at 7-9.

[5] Civil Action No. 16-cv-242, doc. no. 55 at 4.

3

postural skirmishing by the parties, the court also appointed interim class counsel to facilitate the process.[6] After the complaint was filed and following a preliminary pretrial conference, the Dowling plaintiffs voluntarily dismissed their claims against Saint-Gobain with the stated intention of refiling those claims in state court.[7] In doing so, they assured the court that they would structure the state-court complaint to avoid this court's subject-matter jurisdiction under CAFA, such that the action would not simply return to this court following a brief sojourn in the Superior Court.

The Dowling plaintiffs filed two new actions in Hillsborough County Superior Court.[8] Through those complaints, fewer than 60 individuals brought claims against Saint-Gobain, its Merrimack plan's General Manager, Gwenael Busnel, and its facility manager, Chris Gilman, substantively similar to those previously dismissed. Though generally structured as an action brought by individuals, each complaint contained several

---

[6] Civil Action No. 16-cv-242, doc. no. 76.

[7] Civil Action No. 16-cv-242, doc. no. 97. The Dowling plaintiffs alone dismissed their claims. The other consolidated actions proceeded as Brown et al. v. Saint-Gobain Performance Plastics Corp. et al., Civil Action No. 16-cv-242.

[8] Compl. (doc. no. 1-1); Civil Action No. 18-cv-181, doc. no. 1-1.

references to "class members."[9] Plaintiffs' counsel, furthermore, signed the complaint as "Attorneys for Plaintiffs and the putative class."[10]

Construing the complaints as proposed class actions, Saint-Gobain removed the actions to this court, citing this court's jurisdiction under CAFA.[11] The Dowling plaintiffs then moved for leave to amend their complaints to remove the arguable class-based allegations and for this court to remand the actions to the Superior Court.

**III. Analysis**

Under CAFA, district courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, . . . and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). The defendants, as the parties invoking this court's jurisdiction under CAFA, bear the burden of establishing that it applies. Amoche, 556 F.3d at 48. Similarly, "the

---

[9] Compl. (doc. no. 1-1) ¶¶ 102, 105, 107, 108, 114; Civil Action No. 18-cv-181, doc. no. 1-1, ¶¶ 4-6, 85, 88, 90-91, 97.

[10] Compl. (doc. no. 1-1) at 50; Civil Action No. 18-cv-181, doc. no. 1-1, at 45.

[11] Notice of Removal (doc. no. 1) ¶¶ 3-14; Civil Action No. 18-cv-181, doc. no. 1, ¶¶ 3-14.

burden is on the plaintiff[s] to show that an exception to jurisdiction under CAFA applies." In re Hannaford Bros. Co. Customer Data Sec. Breach Litig., 564 F.3d 75, 78 (1st Cir. 2009).

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Neither complaint invokes Rule 23 or the equivalent state-law analogue, Rule 16 of the Civil Rules of the Superior Court. The court is thus hard-pressed to conclude that the plaintiffs' proposed actions fall within this category. It need not rely solely on the lack of invocation of a relevant rule in drawing that conclusion, however. If it did so, "a plaintiff could avoid federal jurisdiction for a lawsuit that resembles a class action in all respects simply by omitting from the complaint the name of the rule or statute under which she proceeds." Williams v. Employers Mut. Cas. Co., 845 F.3d 891, 901 (8th Cir. 2017).

Here, the substance of the complaints also militates against construing them as proposed class actions. As an initial matter, they lack the hallmarks of class action complaints: they do not define a proposed class, describe questions of law and fact common to that class's members, or

otherwise set forth facts or even bare allegations that the action satisfies the numerosity, commonality, typicality, and adequate representation requirements. See Fed. R. Civ. P. 23(a); Superior Ct. Civ. R. 16(a). The complaints do, as the defendants point out, contain a handful of references each to "class members."[12] All of those references appear either in the introduction[13] or under the plaintiffs' description of the defendants,[14] however. No class-related language appears in the plaintiffs' general allegations, their description of the damages they allegedly suffered, or, perhaps most importantly, their claims or prayer for relief. Nor is the court inclined to conclude that the plaintiffs pleaded class allegations solely because counsel signed the complaints on behalf of "Plaintiffs and the putative class" where the complaints contain no description of any such putative class.

As the defendants point out,[15] the plaintiffs in this action are the "masters of their complaints," who may avoid removal by crafting their pleadings accordingly. Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595 (2013). In doing so, they invoke

---

[12] E.g., Compl. (doc. no. 1-1) ¶¶ 102, 105, 107, 108, 114.

[13] Civil Action No. 18-cv-181, doc. no. 1-1, ¶¶ 3-5.

[14] Compl. (doc. no. 1-1) ¶¶ 102, 105, 107, 108, 114; Civil Action No. 18-cv-181, doc. no. 1-1, ¶¶ 85, 88, 90-91, 97.

[15] E.g., Obj. to Remand Mot. (doc. no. 32-1) at 8-9.

7

several cases in which the plaintiffs sought to avoid removal under CAFA as "mass actions" despite including more than 100 plaintiffs. See Ramirez v. Vintage Pharm., LLC, 852 F.3d 324, 331 (3d Cir. 2017); Corber v. Xanodyne Pharm., Inc., 771 F.3d 1218, 1223 (9th Cir. 2014); Scimone v. Carnival Corp., 720 F.3d 876, 884 (11th Cir. 2013) (collecting cases). A mass action is a civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," and who claim more than $75,000 in damages. 28 U.S.C.A. § 1332(d)(11)(B)(i). Those courts retained jurisdiction over the plaintiffs' mass action complaints under CAFA, concluding generally that "plaintiffs have the ability to avoid" CAFA jurisdiction under that provision "by filing separate complaints naming less than 100 plaintiffs and by not moving for or otherwise proposing joint trial in the state court." Scimone, 720 F.3d at 884. The defendants argue that, like in those cases, the plaintiffs here inartfully failed to plead around CAFA jurisdiction and so must litigate in this court.

This is not, however, a matter of counting named plaintiffs. Here, the defendants would have the court read class action allegations into complaints that neither describe proposed classes nor request any relief on behalf of any such class. During a March 22, 2018 telephone conference with all

counsel and the court, plaintiffs' counsel represented that they erred in proof-reading the complaints and only inadvertently included the minimal class-based language. The court credits those representations and is disinclined to force plaintiffs to undertake the time and expense of prosecuting a class action that they did not intend to file in the first place. The court is also hard-pressed to believe that plaintiffs' capable and professional counsel, having made such representations to this court, would attempt to litigate these complaints as class actions in the Superior Court after remand.[16]

## IV. Conclusion

Because the court does not construe these complaints as pleading proposed class actions, it lacks subject-matter jurisdiction over the actions under CAFA. And, as the plaintiffs correctly observe, it lacks diversity jurisdiction under over the actions under 28 U.S.C. § 1332(a) because the plaintiffs and two individual defendants are New Hampshire

---

[16] The plaintiffs also argue that they have not satisfied CAFA's numerosity requirement. The CAFA jurisdiction invoked by the defendants "shall not apply to any class action in which . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Because the court concludes that the complaints do not constitute proposed class action complaints, it need not reach the question of whether the plaintiffs have proven this exception to CAFA jurisdiction.

citizens.[17]  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a removed action, as it does here, "the case shall be remanded." 28 U.S.C. § 1447(c).  Accordingly, the plaintiffs' motions to remand these actions[18] to the Superior Court is GRANTED.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Because the removal and motions to remand were occasioned by plaintiffs' counsel's admitted inartful pleading, which followed their representations to this court and opposing counsel that their state-court complaints would be pleaded to preclude CAFA jurisdiction, their payment of just costs and actual expenses is appropriate here.  Accordingly, plaintiffs' counsel shall bear the costs and defendants' attorney fees occasioned by removing these actions and opposing the motions to remand them.  Counsel shall attempt to reach agreement on the precise amount of such costs and file a stipulation with this court on or before **August 6, 2018.**

---

[17] See Mot. to Remand (doc. no. 29) at 4; Reply (doc. no. 38) at 4-5.  The defendants have not argued otherwise.

[18] Document nos. 29, 34.  Because the court concludes that remand is appropriate based on the complaints as filed, it does not reach plaintiffs' motions to amend the complaints.  See document nos. 28, 35.

The case shall be remanded to Hillsborough County Superior Court upon filing of that stipulation.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: July 6, 2018

cc: Kirk C. Simoneau, Esq.
David P. Slawsky, Esq.
Lawrence A. Vogelman, Esq.
Patrick J. Lanciotti, Esq.
Tate J. Kunkle, Esq.
Lincoln D. Wilson, Esq.
Douglas E. Fleming, III, Esq.
Mark Cheffo, Esq.
Nicholas F. Casolaro, Esq.
Patrick Curran, Esq.
Paul A. LaFata, Esq.
Sheila L. Birnbaum, Esq.
Bruce W. Felmly, Esq.
Thomas B.S. Quarles, Jr., Esq.
Chad W. Higgins, Esq.
Christina Ann Ferrari, Esq.
Christopher D. Hawkins, Esq.
Katherine A. Joyce, Esq.
Roy W. Tilsley, Jr., Esq.