```
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

Dowling et al.

    v.                                   Civil No. 18-cv-180-JL
                                                  Opinion No. 2018 DNH 207

Saint-Gobain Performance
Plastics Corp. et al.


**MEMORANDUM ORDER**


     The plaintiffs initiated these actions as proposed class actions by filing complaints in this court on December 5, 2016. After consolidation with other, related cases, and after the court appointed other counsel as interim class counsel, these plaintiffs voluntarily dismissed their claims with the stated intention of refiling those claims in state court.  Though the court expressed concern that dismissal and refiling would simply result in the cases returning to this court, resulting in an unnecessary expenditure of judicial and litigant resources, plaintiffs' counsel assured the court that their state-court complaints would be structured to avoid this court's subject-matter jurisdiction under the Class Action Fairness Act. Despite these assurances, plaintiffs' state-court complaints

contained several references to "class members."[1]  The defendants removed the actions here on that basis.[2]

On July 6, 2018, the court granted the plaintiffs' motions to remand these consolidated actions to Hillsborough County Superior Court.[3]  At the same time, having found that plaintiffs' counsel's inartful pleading occasioned the cases' removal and defendants' motions to remand, the court awarded defendants their "costs and . . . attorney fees occasioned by removing these actions and opposing the motions to remand them."[4]  It further ordered the parties to attempt to agree on the precise amount and file a stipulation accordingly.[5]  The plaintiffs have reached such an agreement with one of the defendants, the Merrimack Village District Water Works.[6]  They have been unable to do so with defendants Saint-Gobain Performance Plastics Corp., Gwenael Busnel, and Chris Gilman (collectively, Saint-

---

[1] Compl. (doc. no. 1-1) ¶¶ 102, 105, 107, 108, 114; Civil Action No. 18-cv-181, doc. no. 1-1, ¶¶ 4-6, 85, 88, 90-91, 97.

[2] Notice of Removal (doc. no. 1) ¶¶ 3-14; Civil Action No. 18-cv-181, doc. no. 1, ¶¶ 3-14.

[3] Order of July 6, 2018 (doc. no. 45).  The court described the progress of the case that led to its remand order in that order, and does not repeat that here.  See id. at 3-5.

[4] Id. at 10.

[5] Id.

[6] Joint Status Report (doc. no. 49).

Gobain).  These defendants seek an award of more than $85,000, though have indicated a willingness to accept $55,000.[7]  The plaintiffs, on the other hand, deem an award of around $6,000 more appropriate.[8]  Having been informed of this impasse, and at the request of both parties,[9] the court ordered the defendants to produce their counsels' relevant billing record for in camera review.[10]

"The calculation of shifted attorneys' fees generally requires courts to follow the familiar lodestar approach." Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014) (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551-52 (2010)).  Under that approach, "the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The court then determines "a reasonable hourly rate or rates--a determination that is often benchmarked to the prevailing rates

---

[7] Defendants' Response to Plaintiffs' Status Report (doc. no. 53) at 1.

[8] Plaintiffs' Status Report (doc. no. 51) at 5.

[9] Id. at 8; Defendants' Status Report (doc. no. 50) at 4.

[10] Memorandum Order of August 21, 2018.

3

in the community for lawyers of like qualifications, experience, and competence. The product of the hours reasonably worked times the reasonable hourly rate(s) comprises the lodestar," which may then "be further adjusted based on other considerations." Id.

In this case, the court awarded defendants their "costs and . . . attorney fees occasioned by removing these actions and opposing the motions to remand them."[11] As a first step, therefore, the court reviewed defense counsel's billing records. It removed from consideration any entries post-dating the filing of the defendants' objection to the motion to remand on April 4, 2018. Though the court's order perhaps could have been more clear, it did not contemplate an award of fees for counsel's work drafting a surreply[12] or in negotiating the fee award.[13]

---

[11] Order of July 6, 2018 (doc. no. 45) at 10.

[12] During a telephone conference held March 22, 2018, the court proposed a solution to the apparent drafting error by plaintiffs' counsel that occasioned removal in the first place. Specifically, it proposed that if the defendants would consent to remand, they may be awarded costs related to removing the actions to this court. The defendants rejected this proposal. Because the defendants were afforded an opportunity to avoid incurring the costs associated with objecting to the motion to remand, let alone a surreply, the court is disinclined to award fees related to the latter brief.

[13] The defendants' entitlement to these fees is not, as they suggest, "well settled." See Defendants' Response to Plaintiffs' Status Report (doc. no. 53) at 9. While "[a] prevailing party in a civil rights action normally is entitled to attorneys' fees incurred in the pursuit of fees under section

Within the window from February 19, 2018 to April 4, 2018, the court then removed from consideration records reflecting actions that defendants' counsel would have taken, even had the plaintiffs' complaints not contained class-related language, such as reviewing the complaints and drafting answers. It also removed records occasioned by the court's own actions, such as those related to responding to consolidation notices, preparing for and attending the March 22, 2018 telephone conference, and motions for pro hac vice appearances.

Finally, a dozen of defense counsel's entries within that timeframe lacked sufficient detail for the court to determine whether those tasks related to removal or objecting to the motion to remand, as opposed to other tasks. Where a party awarded fees "furnishes time records that are ill-suited for evaluative purposes, the court is hampered in ascertaining whether those hours were excessive, redundant, or spent on irrelevant issues" and may therefore "adjust those entries to achieve an equitable result." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008). Because approximately half of defense counsel's entries related to tasks for which the

---

1988," Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008), this is not a civil-rights action and the defendants have not prevailed.

5

court intended to award fees, the court considers half of the 3.7 hours accounted for in those entries.

These calculations resulted in consideration of a total of 13 hours completed by partners, 67.1 hours of work completed by associates and counsel, and 0.9 hours of work completed by paralegals.[14]

At the second step, the court determines "a reasonable hourly rate or rates," which is "often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." Cent. Pension Fund, 745 F.3d at 5.  In doing so in this case, the court attributed to all partners a rate commensurate with that of an experienced partner in the New Hampshire legal market-- specifically, the rate charged by Attorney Bruce Felmly ($525.00 per hour)--and to all associates and counsel a rate commensurate with that of a senior associate in the New Hampshire legal market--specifically, the rate charged by Attorney Nicholas Casolaro ($270.00 per hour).  And, it attributed to all paralegals a rate of $137 per hour.[15]  Multiplying the total

---

[14] In calculating these total numbers, the court relied on the defendants' "adjusted hours," which appears to be the basis for their own fees calculation, rather than their "invoice hours."

[15] See National Association of Legal Assistants, 2016 National Utilization & Compensation Survey Report, https://www.nala.org/sites/default/files/files/banner/2016%20NAL

hours remaining after the first step by the rates established in the second results in a lodestar of $25,065.30:

| Position | Hours | Rate | Total |
|---|---|---|---|
| Partner | 13 | $525.00 | $6,825.00 |
| Associate | 67.1 | $270.00 | $18,117.00 |
| Paralegal | 0.9 | $137.00 | $123.30 |
| **Total** | | | **$25,065.30** |

The final step allows the court to "further adjust" the lodestar calculation "based on other considerations." Cent. Pension Fund., 745 F.3d at 5. Here, the defendants proposed to reduce their rates by a further 25%.[16] The court therefore likewise discounts the lodestar total by 25%, for a final award of $18,799.00 in fees.

Defendants are also entitled to $2,063.00 in costs associated with removing the case.

The clerk shall remand the case.

    **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: October 30, 2018

cc: Kirk C. Simoneau, Esq.
    David P. Slawsky, Esq.

---

A%20Utilization%20Compensation%20Survey%20Report.pdf (average 2016 hourly billing rate for paralegals in New England).

[16] Defendants' Response to Plaintiffs' Status Report (doc. no. 53) at 8-9.

Lawrence A. Vogelman, Esq.
Patrick J. Lanciotti, Esq.
Tate J. Kunkle, Esq.
Lincoln D. Wilson, Esq.
Douglas E. Fleming, III, Esq.
Mark Cheffo, Esq.
Nicholas F. Casolaro, Esq.
Paul E. LaFata, Esq.
Sheila L. Birnbaum, Esq.
Bruce W. Felmly, Esq.
Thomas B.S. Quarles, Jr., Esq.
Chad W. Higgins, Esq.
Christina Ann Ferrari, Esq.
Christopher D. Hawkins, Esq.
Katherine A. Joyce, Esq.
Roy W. Tilsley, Jr., Esq.